UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VERNON PAUL | ) | CASE NO. 1:03CV0046 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| MARGARET BAGLEY, Warden | ) | **OPINION AND ORDER** |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

Before this Court is Vernon Paul's Petition for Writ of Habeas Corpus filed on January 8, 2003. This case was referred to the United States Magistrate Judge for a Report and Recommendation. The Magistrate Judge recommended Petitioner's petition be dismissed without further proceedings. Upon review, the Court accepts the recommendation of the Magistrate Judge and dismisses the petition with prejudice.

**I. FACTUAL BACKGROUND**

Petitioner Vernon Paul, a state prisoner, has applied for habeas corpus relief under 28 U.S.C. § 2254. In 2001, Petitioner was convicted in the Cuyahoga County Court of Common

Pleas for: 1) Having a Weapon While Under Disability in violation of R.C. 2921.13; 2) Possession and Preparation of Drugs for Sale in violation of R.C. 2925.07 and 2925.34; and 3) Possession of Criminal Tools in violation of R.C. 2923.24. Petitioner was sentenced to imprisonment for one year for each count for an aggregate of three years and forfeiture was ordered for the items seized: handgun, cell phone, pager and approximately $1295.00 in cash. Petitioner's convictions were affirmed on appeal and his subsequent appeal to the Ohio Supreme Court was denied.

## II. LAW AND ANALYSIS

### Standard of Review

Rule 8(b)(4) of the Rules Governing Section 2254 cases in the United States District Court states:

> A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

Accordingly, the Court will review the Report and Recommendation, to which an objection has been filed, under the de novo standard of review.

**Ground 1) 1st and 14th Amendments:** Petitioner was denied a fair and impartial hearing concerning his Motion to Suppress because the court refused to make any factual findings and his arrest was constitutionally infirm.

Petitioner contends he was denied a fair and impartial hearing on his pre-trial motion to suppress because the trial court abused its discretion by failing to make factual findings for the record. However, this argument cannot be reviewed because it was not fairly presented to the

2

state courts. *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004).

**Ground 2) 5th and 6th Amendments:** Petitioner was denied his right of confrontation and cross-examination when the court would not allow a prosecution witness to be cross-examined concerning a prior inconsistent statement made by the witness at a prior proceeding.

Petitioner contends his right of confrontation was violated when the trial court prevented defense counsel from asking a clarifying question about prior inconsistent testimony from the suppression hearing. However, to show a denial of the right of confrontation guaranteed by the Sixth Amendment, a criminal defendant must show "he was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness, and thereby 'to expose to the jury the facts from which jurors . . . could appropriately draw inference relating to the reliability of the witness.'" *Delaware v. Van Arsdall*, 475 U.S. 673, 680 (1986) (quoting *Davis v. Alaska*, 415 U.S. 308, 318 (1974)).

In this case, defense counsel was questioning the officer on whether he had obtained a description of the vehicle from which Petitioner was selling drugs. The trial court sustained the prosecutor's objection to the question. "Didn't you testify yesterday that all you had [was] that someone was selling from a vehicle?" In agreement with the appellate court, the Magistrate Judge found nothing in the trial or motion hearing transcripts that would support a good faith belief that the arresting officer made prior inconsistent statements. In fact, at both the suppression hearing and trial, the officer testified the informant had described the vehicle as a "Grand Marquis Mercury." Therefore, Petitioner's claim fails because defense counsel had no basis for the line of questioning which was neither appropriate nor designed to show bias.

**Ground 3) 14th Amendment:** Petitioner was denied a fair trial because the court allowed the

3

prosecutor to improperly cross-examine a defense witness and would not require the detective to reveal the identity of the informant used in this case.

Petitioner contends he was denied a fair trial because the prosecutor improperly accused his mother (a defense witness) of committing tax fraud and the trial court would not require the arresting officer to reveal the identity of the informant. The Magistrate Judge concedes the presence of prosecutor misconduct, however, "[the reviewing court] can provide relief only if the statements were so flagrant as to render the entire trial fundamentally unfair." *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003). Because the record established a strong case against Petitioner, the mention of possible tax evasion did not render the entire trial fundamentally unfair. Moreover, regarding the revelation of the informant's identity, under *United State v. Jenkins*, 4 F.3d 1338 (6th Cir. 1993), "[i]f the evidence on which the defendant was convicted was obtained personally by the . . . agents who did testify, the government is not required to produce the cooperating individual." *Id.* at 1341. Therefore, this claim must fail because the arresting detective obtained the evidence on his own and there was no need for the identity of the informant to be revealed.

**Ground 4) 14th Amendment:** Petitioner was denied a fair trial due to trial court's comment on the credibility of the witness, numerous errors committed during the course of the trial and improper prosecutorial argument.

Petitioner contends he was denied a fair trial because the trial court judge referred to the informant as reliable and there were multiple instances of alleged improper testimony by the arresting detective and improper statements by the prosecuting attorney. First, impartiality "is critical because the judge's every action is likely to have a great influence on the jury."

4

*Nationwide Mut. Ins. Co. v. Ford,* 174 F.3d 801, 805 (6th Cir. 1999). However, the state court's findings in this case show the credibility of the informant was established by the evidence presented. Therefore, as found by the Magistrate Judge, "the trial judge's use of 'reliable' informant did not have a substantial and injurious effect on the outcome of [Petitioner's] trial." Second, regarding the alleged improper testimony of the arresting officer, the officer's testimony was merely an explanation of why the investigation into Petitioner's activities began; it did not appear to have been an attempt to use the informant's information due to a lack of evidence. Lastly, Petitioner asserts that during the prosecutor's closing argument, the prosecutor improperly expressed an opinion as to the defendant's guilt, stated Petitioner had been selling crack cocaine and "exceeded all bounds of propriety" by reviewing aspects of evidence in sequence in an attempt to "convict Petitioner on general principle." However, as found by the Magistrate Judge, the prosecutor did what he was required to do and argued Petitioner's guilt based on the evidence. Moreover, regarding Petitioner's last two sub-arguments, Petitioner had confessed to selling crack cocaine and the state's narration of the list of exhibits in closing argument followed the preferred pattern of arguing for a conviction on the basis of the evidence presented at trial.

**Ground 5) 6th Amendment:** Petitioner was denied a fair trial and the assistance of counsel when the court precluded defense counsel from arguing reasonable inferences from the evidence.

Petitioner asserts the trial court wrongly sustained prosecutor's objections on two occasions: 1) when defense counsel tried to argue the informant should have given Petitioner's name to the police and 2) when defense counsel tried to argue the arresting officer should have detained persons claimed to have been involved in a drug transaction with Petitioner. Petitioner's fifth ground relies on the Sixth Amendment right to effective assistance of counsel.

5

However, this does not fit Petitioner's argument because Petitioner blames the trial court, not counsel for the problems asserted. Moreover, the sole United States Supreme Court decision relied on by Petitioner is *Herring v. New York*, 422 U.S. 853 (1975), which held a denial of the opportunity for summation in jury trials deprives the defendant of the right to present his defense. However, Petitioner's counsel was not denied the opportunity to present closing argument and the trial court has broad discretion in restraining closing argument. *Id.* at 862.

**Ground 6) 14th Amendment:** Petitioner was denied due process of law when the court overruled a motion for judgment of acquittal as there was no evidence Petitioner possessed a firearm or the controlled substance was crack cocaine.

Petitioner asserts three sub-arguments under ground six: 1) there was no evidence he acquired, used or possessed a firearm, 2) there was no evidence the gun was a firearm, and 3) there was no evidence the substance confiscated was crack cocaine. In order to deny a Rule 29 motion for acquittal, the court must find sufficient evidence to support the conviction in the light most favorable to the prosecutor. *See U.S. v. Abner*, 35 F.3d 251, 253 (6th Cir. 1994). Regarding Petitioner's first sub-argument, the state's decision that Petitioner had a firearm was reasonable because Petitioner owned the car within which the gun was found, Petitioner did not deny driving the car from the lot. Petitioner held the keys to the car when he was patted down and the car had been locked with the gun inside. Next, in regard to Petitioner's second sub-argument, although the gun was encased, under Ohio law, no direct evidence of operability is necessary. *State v. Adkins*, 320 N.E.2d 308, 312 (Ohio Ct. App. 1973). Instead, introduction of the actual weapon into evidence is probative evidence of its operability. *Id.* Lastly, regarding Petitioner's third sub-argument that there was no evidence the confiscated substance was crack cocaine, the state

appellate court explained that although the cocaine was crushed when it was admitted into evidence, the evidence presented established that it had been in rock form at the time of Petitioner's arrest.

**Ground 7) 6th and 14th Amendments:** Petitioner was denied due process of law when he was given a maximum sentence for exercising his right to a trial.

Petitioner asserts he was punished for refusing to plead guilty because the sentence imposed after conviction was harsher than the one offered as part of a pre-trial plea bargain. However, the United States Supreme Court has not expressly ruled whether the Constitution prohibits more severe sentences following a defendant's refusal to accept a plea bargain. Instead, lower federal courts have not required the trial court to preserve the sentence offered as part of a plea agreement. *See U.S. v. Frost*, 914 F.2d 756 (6th Cir. 1990) ("mere disparity in sentences is insufficient to show that the sentencing court penalized a defendant for going to trial").

**Ground 8) 14th Amendment:** Petitioner was deprived of his property without due process of law when the court ordered a summary forfeiture without a trial or submission of the cause to the jury of property of petitioner.

Petitioner asserts three separate sub-arguments under Ground Eight: 1) journal entry incorrectly states forfeiture was voluntary, 2) summary forfeiture of Petitioner's property deprived him of due process of law, and 3) forfeiture of the property after trial subjected Petitioner to double jeopardy prohibited by the Constitution.

In his first sub-argument, Petitioner asserts a due process violation as a result of an erroneous journal entry. However, Petitioner's proper recourse would have been to call this mistake to the trial court's attention rather than raising an inconsequential mistake as an issue on

7

appeal. Regarding Petitioner's second sub-argument, Petitioner asserts the summary forfeiture deprived him of due process of law. However, this argument has no application in this case as there was both notice and a hearing. Regarding Petitioner's third sub-argument, the state had not raised the issue of forfeiture post-sentence. Instead, the state had filed a petition of forfeiture for seized contraband with indictment. Therefore, there was no double jeopardy in attempting to exercise forfeiture after the criminal case had concluded.

### III. CONCLUSION

For the foregoing reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation. Petitioner's Petition for Writ of Habeas Corpus is dismissed without further proceedings. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

4/3/06
**Date**

*Christopher A. Boyko*
**CHRISTOPHER A. BOYKO**
**United States District Judge**